**Xing Yuan LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4619–AG NAC, 172 780 290.**

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Kimberly Ellis, Law Offices of Michael Brown, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Katherine W. Vincent, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Xing Yuan Lin petitions for review of an August 8, 2005 BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2004) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks omitted); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ The BIA did not abuse its discretion in denying Lin's motion to reopen. The BIA reasonably found that Lin's motion was both numerically barred and time barred under 8 C.F.R. § 1003.2(c)(2). Lin's 2005 motion was his second motion to reopen—in excess of the numerical limita-

tions set out in 8 C.F.R. § 1003.2(c)(2). Further, the motion, which challenged the BIA's April 18, 1996 decision, was filed on May 9, 2005, well beyond the July 10, 2002 deadline that the BIA established in *Matter of G–C–L–,* 23 I. & N. Dec. 359 (BIA 2002), for motions that challenged a denial of relief based on *Matter of Chang,* 20 I. & N. Dec. 38 (1989). Moreover, Lin neither asserted in his brief to the BIA nor in his petition to this Court that there were changed circumstances in China that would warrant an exception to the numerical and time limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

■ Further, the BIA reasonably determined that Lin failed to show *prima facie* eligibility for the relief he requested because "he failed to satisfactorily address the Immigration Judge's credibility concerns." In his second motion to reopen, Lin claimed that he was *prima facie* eligible for asylum based on his claim to have been forcibly sterilized in China. While Lin's brief and supporting affidavit, together with an affidavit from his alleged wife, reiterated Lin's arguments before the IJ that he was forcibly sterilized, the BIA reasonably concluded that these materials did not sufficiently call into question the IJ's finding of significant inconsistencies between Lin's testimony, asylum applications, and documentary evidence concerning his alleged sterilization. Moreover, because the BIA also reasonably concluded that Lin had not proffered adequate grounds to warrant a reopening of his case, the BIA did not abuse its discretion in finding that Lin's motion did not establish a *prima facie* case for relief and, thus, that he failed to show he suffered prejudice due to the alleged ineffective assistance of his previous counsel.

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of removal in this petition is DENIED as moot.